■ RICHARD HAUPTNER et al., Respondents-Appellants, v LAUREL DEVELOPMENT, LLC, et al., Respondents, and B&V CONTRACTING ENTERPRISES, INC., et al., Appellants-Respondents. (And a Third-Party Action.) [885 NYS2d 68]—

Order, Supreme Court, Bronx Country (George D. Salerno, J.), entered on or about July 8, 2008, which, to the extent appealed from, granted the motion of defendants Laurel Development and Howard Lowentheil, Inc. for summary judgment dismissing the complaint as against them and the cross motion of the B&V defendants to dismiss the claim for punitive damages, and denied plaintiffs' cross motion to dismiss the affirmative defense of culpable conduct, unanimously modified, on the law, to the extent of granting plaintiffs' cross motion to dismiss the affirmative defense of all defendants and third-party defendants that any damages suffered by plaintiffs were caused in whole or in part by reason of the negligence, want of care, as-

sumption of risk, or other culpable conduct on the part of plaintiff Richard Hauptner, denying summary judgment dismissal as against defendant Lowentheil, and reinstating the complaint as against Lowentheil, and otherwise affirmed, without costs.

The undisputed facts of this case are that on September 24, 2003, plaintiff, Richard Hauptner, was sitting on the rear deck of his house with his grandson when a 30 foot aluminum extension ladder fell from the wall against which it was leaning and knocked Hauptner unconscious into his pool. Hauptner was rescued by his grandson. A few hours later, Hauptner and his grandson found the ladder laying across the top of a brick wall that separates his backyard from a condominium complex that was under construction at the time. Plaintiff then chained the ladder to his fence.

It is further undisputed that the subject ladder belonged to a subcontractor, B&V Contracting Enterprises, which entered into a contract with the general contractor for carpentry work on the condominium development. The following day, B&V's general foreman told Louis Trojan, the general contractor's project manager, that the ladder fell onto Hauptner's property, and that Hauptner refused to return it. Trojan went to plaintiff's house and gave him insurance information whereupon plaintiff returned the ladder.

As result of the accident, Hauptner sustained numerous injuries and underwent orthopedic surgery on both knees and on his left shoulder. On January 27, 2004, Hauptner and his wife commenced this action against Laurel Development (Laurel), the owner of the condominium development, Howard Lowentheil, Inc. (Lowentheil), the general contractor, and B&V Contracting Enterprises and B&V Contracting Associates (B&V), the subcontractor. Plaintiffs sought compensatory and punitive damages for personal injuries, alleging defendants' negligence in permitting a dangerous condition to exist at the premises and failing to warn of the dangerous condition.

Defendants Laurel and Lowentheil joined issue on March 24, 2004 with general denials and affirmative defenses including plaintiff's comparative fault, and cross claims for contribution and indemnification against B&V. On June 10, 2004, B&V joined issue with general denials and affirmative defenses including plaintiff's culpable conduct and cross claims for contribution and indemnification against Laurel and Lowentheil.

Defendants Laurel and Lowentheil moved for summary judgment dismissing the complaint or in the alternative, indemnification on their cross claims. They asserted that they had nei-

ther created nor had notice of the unsecured ladder as a recurring or ongoing condition, and were therefore not liable. Defendant B&V cross-moved for summary judgment dismissing plaintiffs' punitive damages claim and opposed Laurel and Lowentheil's motion for indemnification on a common-law indemnity claim. B&V argued that there was ample evidence to show that Laurel and Lowentheil had actual or constructive notice of the unsecured ladders. B&V also maintained that punitive damages should not be awarded in this contract claim because defendants' conduct did not satisfy "the very high threshold of moral culpability."

Plaintiffs cross-moved to dismiss all the affirmative defenses of culpable conduct asserted by defendants because defendants failed to show how or in what manner plaintiff caused or in any way contributed to a ladder falling into his yard while he was sitting in his backyard. Plaintiffs further alleged that punitive damages should be awarded because defendants' conduct transcended mere carelessness.

On July 8, 2008, the motion court granted summary judgment in favor of Laurel and Lowentheil, dismissing them from the action, dismissed plaintiffs' punitive damages claim and denied plaintiffs' cross motion for dismissal of the affirmative defense of plaintiff's culpable conduct. The court found that Laurel and Lowentheil satisfied their burden to show that "they neither created or caused the ladder to be left unsecured during the construction of the condominium units" and there was no evidence establishing that "the unsecured ladder was visible" or establishing "the period of time that the condition existed prior to the accident."

For the reasons set forth below, we find the motion court erred in granting summary judgment to Lowentheil, and in declining to dismiss the affirmative defense of plaintiff's culpable conduct.

It is well settled that in a premises related action, owners and general contractors may be held liable for injuries caused by a defective condition if it is demonstrated that the owner or general contractor created the condition or that it had actual or constructive notice of the condition for such a period of time, that, in the exercise of reasonable care, it should have corrected the problem (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343 [1998]).

"To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]).

Plaintiffs made out a prima facie case by asserting that Lowentheil, the general contractor, had notice that a dangerous condition existed. Plaintiffs pointed to an August 28, 2003 inspection report prepared by Pro Safety Service, the site safety inspector, which stated that "housekeeping needed to be addressed and ladders needed to be secured and at 4 to 1 ratio . . . and ladder system needs to be secured and have guard rail to exposed side, also must extend 3' above final step." A subsequent report on September 15 did not mention any problem with unsecured ladders, but neither did it state that the ladder problem documented in the prior inspection report had been resolved. Moreover, the record does not reflect any evidence or statements to show that Lowentheil put any safety procedures into practice to prevent further problems with unsecured ladders. Thus, Lowentheil had notice of a problem with unsecured ladders almost one month prior to the accident, and it existed long enough for Lowentheil to remedy it.

Additionally, Lowentheil's general manager, Trojan, testified at deposition that he made frequent inspections of the site; that his job responsibility was to ensure "[s]afety first" at the site and that he spent 95% of his time "walking the site" and walked the site at the end of each workday to ensure that everything was secure. Furthermore, he was the person to whom the inspection report was to be submitted. Although Trojan testified that he could not recall the August 28 report, it is apparent that he had the opportunity to discover or to know about the unsecured ladder prior to the accident. Defendant's failure to discover a condition that should have been discovered is "no less a breach of due care than a failure to respond to actual notice" (*Blake v City of Albany*, 48 NY2d 875, 877 [1979]).

The motion court further erred in denying plaintiffs' cross motion to dismiss the affirmative defense of plaintiff's culpable conduct raised by all defendants and third-party defendants. Given the facts of this case, such affirmative defense is totally devoid of merit and should be dismissed as a matter of law. Comparative negligence has been defined as "intentional exposure to a danger of which the plaintiff is aware" (*see Sundt v New York State Elec. & Gas. Corp.*, 103 AD2d 1014, 1015 [1984], *appeal dismissed* 63 NY2d 771 [1984]). There is no evidence whatsoever that plaintiff expected that any ladder from the construction site would fall into his backyard. His mere knowledge that there was a construction project in progress with ladders in use does not render him comparatively negligent (*id.* at 1015-1016).

Plaintiffs' invocation of the doctrine of res ipsa loquitur is

unavailing as against Laurel inasmuch as the record clearly demonstrates the ladder was not in that defendant's exclusive control (*see Finucane v Negri*, 301 AD2d 626 [2003]). The claim for punitive damages was properly dismissed because plaintiffs failed to plead or prove wanton or reckless conduct on the part of any defendant warranting such relief (*see Sladick v Hudson Gen. Corp.*, 226 AD2d 263, 264 [1996]).

We have considered appellants' remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Nardelli, Catterson and DeGrasse, JJ.