■ Barbara Lerner, Respondent, v New York City Transit Authority, Appellant. [922 NYS2d 6]—

Order, Supreme Court, New York County (Carol E. Huff, J.), entered December 10, 2009, which, in this action for personal injuries sustained when plaintiff tripped on a broken tile in defendant's subway station and fell, denied defendant's motion to set aside the jury's verdict awarding plaintiff $75,000 for past pain and suffering and $50,000 for future pain and suffering, unanimously affirmed, without costs.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see generally McDermott v Coffee Beanery, Ltd.*, 9 AD3d 195, 206 [2004]). Plaintiff's testimony demonstrated where she fell on the broken tile and was corroborated by the testimony of the police officer who responded to the scene and easily found the broken tile plaintiff identified. Moreover, the testimony of an eyewitness to plaintiff's fall established that defendant had constructive notice of the defective condition. Indeed, the eyewitness testified that the area of the station had been littered with broken tiles for years prior to plaintiff's fall (*see Hauptner v Laurel Dev., LLC*, 65 AD3d 900, 902-903 [2009]).

Defendant's argument that the trial court erred in not permitting its counsel to cross-examine plaintiff's medical expert on an injury that was not pleaded in the bills of particulars is not preserved for appellate review (CPLR 4017). In any event, the trial court providently exercised its discretion in declining to permit defense counsel's line of questioning on the unpleaded injury especially since it precluded plaintiff's counsel from the same line of questioning on direct (*see Salm v Moses*, 13 NY3d 816, 817 [2009]).

The trial court did not err in giving the missing witness

charge to the jury based on defendant's failure to call its medical expert. Plaintiff established her entitlement to the charge and defendant failed to show that its expert's testimony would have been cumulative to the testimony of plaintiff's expert (see O'Brien v Barretta, 1 AD3d 330 [2003]). Concur—Mazzarelli, J.P., Sweeny, Renwick, Richter and Manzanet-Daniels, JJ.