■ Ignacio Pintor, Respondent, v 122 Water Realty, LLC, et al., Appellants. [933 NYS2d 679]—

In this premises liability action, the events leading to plaintiff Ignacio Pintor's injury are largely undisputed. On November

11, 2008, Pintor, a real estate agent, traveled to an apartment building located at 122 Water Street in New York City to show an apartment to a prospective tenant. After the client called to say he would be late for his appointment, Pintor decided to use the spare time to take photographs of vacant apartments in the building to show other clients.

Pintor entered the bedroom in a vacant apartment on the fourth floor, and stood about one foot away from a window with his back turned to it. As he took a photograph, he heard a cracking sound and turned to see part or all of the upper portion of the window falling toward his face. As Pintor raised his arm to protect himself, the glass shattered against his hand and badly cut it.

In July 2009, Pintor commenced this action sounding in negligence against the building owner, 122 Water Realty, and its managing agent, IMK Management. After discovery, defendants moved for summary judgment on the ground that they neither created the defective condition in the apartment window nor had any notice of it. In support of their motion, defendants submitted the affidavit of the president of IMK Management, who averred that, pursuant to the company's policy, he had inspected the fourth-floor apartment after the previous tenants vacated it on August 31, 2008, and had not observed any defects in any of its windows. The president also stated that he had not been notified of any problem with the apartment windows before the accident, and that neither he nor any other IMK Management employee had ever repaired the windows.

Defendants also submitted the affidavit of a managing partner of the nonparty realty company that employed plaintiff. The partner stated that, from the time the fourth-floor apartment became vacant at the end of August 2008 through the date of plaintiff's accident in mid-November, at least five of the company's realtors had showed the apartment to clients, and at least 15 prospective tenants per week had looked at it. Moreover, the partner stated, he had never noticed any defect in any of the apartment's windows, and had never received any complaints about the condition of the apartment.

In its March 2011 order denying summary judgment to defendants, the motion court found that the record presented an issue of fact whether defendants had notice of the window's defective condition. The court observed that defendants' affiants merely stated that they had inspected the apartment some time after the prior tenants had left, but did not specify exactly when and failed to furnish "supporting documentary proof" such as records of the inspections or a statement that no records exist.

The owner of a premises may be held liable for an accident caused by a dangerous condition on the property if the plaintiff can demonstrate that the owner created the condition or had actual or constructive notice of it (*see Hauptner v Laurel Dev., LLC*, 65 AD3d 900, 902 [2009]). An owner can be deemed to have constructive notice of a dangerous condition if it is visible and apparent, and if the condition existed for enough time before the accident to permit the owner's employees to discover and remedy the problem (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]).

There is no evidence that defendants created the defect in the window or that they had actual notice of the defect. Moreover, and contrary to the motion court's conclusion, the affidavits that defendants submitted made a prima facie showing that they lacked constructive notice. The president of IMK Management averred that he inspected the window and did not see any defect; this observation constitutes evidence that, even if the defect existed when the president observed the window, it was not visible and apparent. The president's affidavit, based on his personal knowledge, is sufficient to establish entitlement to summary judgment on the issue of notice.

The affidavit of the managing partner of the realty company further demonstrates the lack of constructive notice. The managing partner stated that the apartment was frequently visited by realtors and their clients between the time that the previous tenants moved out and Pintor was injured, and that the affiant never received any complaints about conditions in the apartment. This evidence indicates that the defect in the window did not exist long enough for defendants to detect it.

Finally, plaintiff also raises the doctrine of res ipsa loquitur as an alternate basis for finding defendants liable. However, that doctrine is inapplicable under the circumstances of this case. An injured plaintiff seeking to apply res ipsa loquitur must establish, among other things, that the accident was caused by an instrumentality within the defendant's exclusive control (*see Ebanks v New York City Tr. Auth.*, 70 NY2d 621, 623 [1987]). Since the defect in the window could have been caused by any of the realtors, prospective tenants, and other people who entered the apartment while it was vacant, defendants lacked exclusive control. Concur—Friedman, J.P., Catterson, Moskowitz, Freedman and Abdus-Salaam, JJ.