Lewis v MBD Silva Taylor Hous. Dev. Fund Co., Inc. (2018 NY Slip Op 03434)





Lewis v MBD Silva Taylor Hous. Dev. Fund Co., Inc.


2018 NY Slip Op 03434


Decided on May 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 10, 2018

Richter, J.P., Manzanet-Daniels, Webber, Oing, Moulton, JJ.


6507 307106/13

[*1]Sasha Lewis, Plaintiff-Respondent,
v
MBD Silva Taylor Housing Development Fund Company, Inc., et al., Defendants-Appellants.


London Fischer LLP, New York (David B. Franklin of counsel), for appellants.
Subin Associates, LLP, New York (Robert J. Eisen of counsel), for respondent.



Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered on or about October 17, 2017, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
The record demonstrates as a matter of law that defendants, the building owners, the project manager and general contractor for a renovation project, and the subcontractor that installed the bi-fold closet door that came apart at the hinges and fell on plaintiff as she tried to open it, did not negligently manufacture or design the closet doors. The evidence is unrefuted that the closet doors were selected by the project architect and fabricated by an outside manufacturer, which pre-installed the door hinges.
Defendants established prima facie that they did not have actual or constructive notice of any defect in the closet doors after their installation by showing that plaintiff did not notify the building owner or management company of any problems with the doors in her apartment before her accident (see Briggs v 2244 Morris L.P., 30 AD3d 216 [1st Dept 2006]; Bean v Ruppert Towers Hous. Co., 274 AD2d 305, 308 [1st Dept 2000]). Plaintiff failed to raise an issue of fact.
The only defendant that could have created the alleged defective condition was Jasmine Construction and Restoration (sued as Jamie), the subcontractor that installed the doors. Jasmine established prima facie that it properly installed the doors through an affidavit by its owner, Ivan Miller, who averred that he had installed hundreds of these closet doors pursuant to the instruction manual without problem and that he ensured that they were properly secured, correctly sized, and properly adjusted. Miller further averred that after he installed the doors at issue, he tested each one by "repeatedly" opening and closing it to ensure its safety and proper function (see e.g. Lezama v 34-15 Parsons Blvd., LLC, 16 AD3d 560 [2d Dept 2005]).
In opposition, plaintiff failed to raise an issue of fact as to whether the bi-fold doors were properly installed. Her expert's opinion that Jasmine should have further tested the doors was unsupported by reference to any specific, applicable safety standards or practices (see Buchholz v Trump 767 Fifth Ave., LLC, 5 NY3d 1, 8-9 [2005]; Cassidy v Highrise Hoisting & Scaffolding, Inc., 89 AD3d 510, 511 [1st Dept 2011]).
Plaintiff's reliance on the doctrine of res ipsa loquitur is unavailing, since defendants were not in "exclusive control" of the closet doors, which were located within plaintiff's apartment (see Pintor v 122 Water Realty, LLC, 90 AD3d 449, 451 [1st Dept 2011]; cf. Pavon v Rudin, 254 AD2d 143, 146-147 [1st Dept 1998] [landlord not responsible for injury caused by door falling on office cleaner in premises leased to commercial tenant]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 10, 2018
CLERK