Bunn v City of New York (2020 NY Slip Op 01247)





Bunn v City of New York


2020 NY Slip Op 01247


Decided on February 20, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2020

Gische, J.P., Webber, Oing, Singh, JJ.


11068 158841/14

[*1] John T. Bunn, Plaintiff-Appellant,
v
City of New York, Defendant-Respondent, The New York City Transportation Authority, et al., Defendants.


Rimland & Associates, New York (Edward Rimland of counsel), for appellant.
Georgia M. Pestana, Acting Corporation Counsel, New York (Janet L. Zaleon of counsel), for respondent.



Order, Supreme Court, New York County (Alexander M. Tisch, J.), entered January 10, 2019, which granted the motion of defendant City of New York for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
The City established prima facie entitlement to judgment as a matter of law in this action where plaintiff was injured when a bus stop sign became dislodged from its metal post and struck him in the head. The City demonstrated that it lacked prior written notice of a defective condition in the bus stop sign through a search of records which revealed no complaints (Administrative Code of City of New York § 7-201[c][2]; see Yarborough v City of New York, 10 NY3d 726, 728 [2008]; Harvey v Henry 85 LLC, 171 AD3d 531, 532 [1st Dept 2019], lv denied 33 NY3d 911 [2019]).
In opposition, plaintiff failed to raise a triable issue of fact as to whether the City created a defective condition within the meaning of the exception to the prior written notice requirement (see Yarborough at 728; Harvish v City of Saratoga Springs, 172 AD3d 1503, 1504 [3d Dept 2019]). The sign had been installed approximately seven months before the accident, but no complaints had been received and plaintiff did not notice any defect. Plaintiff's speculation that the installation of the sign could have resulted in an immediately apparent defect is insufficient to defeat summary judgment (see Harvish at 1504).
Contrary to plaintiff's argument, the doctrine of res ipsa loquitur is inapplicable under the circumstances. An injured plaintiff seeking to apply res ipsa loquitur must establish, among other things, that the accident was caused by an instrumentality within the defendant's exclusive control (see Ebanks v New York City Tr. Auth., 70 NY2d 621, 623 [1987]). Here, the alleged defect in the sign could have been caused by any number of factors, including vandalism and wind/weather conditions, and thus, the City lacked exclusive control (see e.g. Pintor v 122 Water [*2]Realty, LLC, 90 AD3d 449, 451 [1st Dept 2011]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 20, 2020
CLERK