**Rivera v F & S Contr., LLC**

2024 NY Slip Op 30833(U)

March 14, 2024

Supreme Court, New York County

Docket Number: Index No. 157618/2019

Judge: David B. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:    **HON. DAVID B. COHEN**
*Justice*

PART    58

-------------------------------------------------------------------------------X

CARMEN RIVERA,

                                        Plaintiff,

- v -

F & S CONTRACTING, LLC, F & S CONTRACTING
GROUP INC., SABEY CONSTRUCTION, INC, INTERGATE
MANHATTAN LLC

                                        Defendants.

-------------------------------------------------------------------------------X

INDEX NO.          157618/2019

MOTION DATE          03/10/2023

MOTION SEQ. NO.          004

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89

were read on this motion to/for          SUMMARY JUDGMENT (AFTER JOINDER)          .

In this personal injury action, plaintiff moves, pursuant to CPLR 3212, for an order

granting summary judgment against defendants as to the issue of liability.

## I.          BACKGROUND

Plaintiff commenced this action by filing a summons and verified complaint on August 5,

2019, alleging that she sustained personal injuries when a construction fence fell on her

(NYSCEF DOC. NO. 1).  Plaintiff contends that "[o]n July 25, 2018, at approximately 6:05 a.m.,

[she] was walking to work at 1 Police Plaza, New York as a New York City Police Officer, when

a barrier/chain link fence surrounding a construction site suddenly, and without warning, fell on

top of [her] at premises known as 375 Pearl Street, New York, New York.  It knocked [her] to

the ground causing a wrist and various other injuries" (NYSCEF DOC. NO. 69).

Defendants joined issue by service of their answer on October 25, 2019 (NYSCEF DOC.

NO. 3).

157618/2019   RIVERA, CARMEN vs. F & S CONTRACTING, LLC
Motion No.  004

Page 1 of 5

[* 1]

In response to a Notice to Admit served by plaintiff, defendants admitted that defendant F&S Contracting Group, Inc. (F&S) installed the fence at issue (NYSCEF DOC. NO. 23).

On August 20, 2020, plaintiff filed a summary judgment motion, which was denied on February 3, 2021 "without prejudice to renew at the completion of discovery." (NYSCEF DOC. NO. 44 at pg. 6).

Two F&S employees were deposed and testified, as pertinent here, that the fence at issue was a plastic Yodock fence, described as "orange and white with a four foot fence on top that's fastened through the barrier and there was mesh on the fence," with the barriers secured to the ground by filling them with water. The fence itself was a typical chain link fence, approximately four feet long (NYSCEF DOC. NO. 75).

F&S built and installed the fence, which included a metal post inserted into each barrier. When shown a video of the incident, F&S's chief engineer testified that it looked like high winds caused the fence to fall over, which was not supposed to happen. He also testified that the fence was properly erected, and that the potential for wind velocity is taken into account when building fences (NYSCEF DOC. NO. 76).

According to plaintiff's expert, in his professional opinion, "the barrier/fence in question was not properly installed, shored, constructed or maintained. The only explanation, based on my years of education, training and experience, is that the Defendants were responsible for the erection of this barrier/fence, as well as responsible for this accident, and the barrier/fence would not have fallen had its installation been done properly." In particular, the expert opines that the construction and installation of the fence did not take into the account the potential for high wind gusts (NYSCEF DOC. NO. 77).

157618/2019   RIVERA, CARMEN vs. F & S CONTRACTING, LLC
Motion No.  004

Page 2 of 5

2 of 5

Defendant's expert, a certified meteorologist, states that the relevant weather data records show that a cluster of showers and thunderstorms began to move toward the accident location on the morning of the accident, and that in his opinion, "based upon a reasonable degree of meteorological certainty," wind gusts of 55 to 60 mph were present in the subject location at the time of the accident, and the gusts "were not forecasted or foreseeable." (NYSCEF DOC. NO. 84).

## II.     ANALYSIS

"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact." (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986] citing *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).  Once the movant has made a prima facie showing, the burden shifts to the opposing party to "present evidentiary facts in admissible form sufficient to raise a genuine, triable issue of fact." (*Casper v Cushman & Wakefield*, 74 AD3d 669, 669 [1st Dept 2010], *lv dismissed* 16 NY3d 766 [2011] [internal quotation marks and citation omitted]).

Plaintiff contends that defendants may be held liable pursuant to res ipsa loquitur, on the ground that the fence was in their exclusive control and it would not have fallen on her in the absence of their negligence.   Defendants raise several arguments in opposition, including that res ipsa loquitur does not apply as the accident occurred on a very windy day, thereby creating an issue of fact as to whether the fence was properly installed and secured.

An accident subject to a res ipsa loquitur claim "(1) must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; [and] (3) it must not have been due

**157618/2019   RIVERA, CARMEN vs. F & S CONTRACTING, LLC**
**Motion No.  004**

**Page 3 of 5**

to any voluntary action or contribution on the part of the plaintiff." (*Morejon v Rais Constr. Co.*, 7 NY3d 203, 209 [2006][internal quotation marks and citation omitted]). "It is the rare case in which a plaintiff will be entitled to…[summary judgment] because the prima facie proof is so convincing that the inference [of negligence] arising therefrom is inescapable if not rebutted by other evidence.'" (*Tora v GVP AG*, 31 AD3d 341, 342 [1st Dept 2006], quoting *Shinshine Corp. v Kinney Sys.*, 173 AD2d 293, 294 [1st Dept 1991]). The granting of summary judgment based on the doctrine of res ipsa loquitur is appropriate solely in "exceptional case[s]" and not where there are issues of fact with respect to defendants' liability (*Morejon*, 7 NY3d at 212; see also *Jainsinghani v One Vanderbilt Owner, LLC*, 162 AD3d 603, 604 [1st Dept 2018]).

Here, even assuming that plaintiff established all of the elements of a res ipsa loquitur claim, defendants raise a triable issue through evidence that there were unexpectedly high winds at the time of the accident. In *Tora*, the plaintiff was injured when a piece of a sidewalk shed toppled over as a result of strong winds. The Appellate Division, First Department, reversed the trial court's grant of summary judgment on liability to plaintiff, finding that the "[d]efendants' contention that unusually strong gusts of wind caused the shed to lift and injure plaintiff is sufficient to negate, at least for purposes of summary judgment, the first element of res ipsa" namely "that the event was of a kind which ordinarily does not occur in the absence of negligence." (31 AD3d at 343; *see also Bunn v City of New York*, 180 AD3d 550 [1st Dept 2020] [res ipsa loquitur inapplicable to accident where sign dislodged from metal post and fell on plaintiff, as alleged defect could have been caused by number of factors, including "wind/weather conditions"]; *Zecevic v LAN Cargo S.A.*, 137 AD3d 465 [1st Dept 2016] [trial court properly denied summary judgment to plaintiff as factual issue existed as to whether unusually strong wind caused crate to fall on plaintiff]; *Ryan v Trustees of Columbia Univ. in*

157618/2019   RIVERA, CARMEN vs. F & S CONTRACTING, LLC
Motion No. 004
Page 4 of 5

4 of 5

[* 4]

*City of New York, Inc.*, 96 AD3d 551 [1st Dept 2012] [summary judgment properly denied as sidewalk bridge collapsed in windy conditions]; *Dos Santos v Power Auth. of State of N.Y.*, 85 AD3d 718 [2d Dept 2011] [plaintiff did not establish res ipsa as door collapse may have been caused by strong wind], *lv denied* 20 NY3d 856 [2013]; *Lofstad v S&R Fisheries, Inc.*, 45 AD3d 739 [2d Dept 2007] [triable issue existed as to whether shed blown off roof by 70-mile-per-hour winds]).

The parties' remaining contentions are either without merit or need not be addressed given the above result.

### III.    CONCLUSION

Accordingly, it is hereby

ORDERED that plaintiff's motion for summary judgment on liability is denied; and it is further

ORDERED, that the parties appear for a settlement/trial scheduling conference before this Court on May 29, 2024, at 10:30 a.m., 71 Thomas Street, Room 305, New York, New York.

20240314102409DC0HEN327668DC1F894A5C8443CF97FCC249C5

| **3/14/2024** | | | | | |
| **DATE** | | | | **DAVID B. COHEN, J.S.C.** | |
| **CHECK ONE:** | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**157618/2019   RIVERA, CARMEN vs. F & S CONTRACTING, LLC**
**Motion No.  004**

**Page 5 of 5**

5 of 5

[* 5]