| Peterson v Columbia Univ. |
|---|
| 2024 NY Slip Op 34154(U) |
| November 25, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 158789/2019 |
| Judge: Lori S. Sattler |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 02M

------------------------------------------------------------------------------------X

ARA PETERSON,

                                  Plaintiff,

                        - v -

COLUMBIA UNIVERSITY, TRUSTEES OF COLUMBIA
UNIVERSITY, THE COLUMBIA MAKERSPACE

                                  Defendant.

------------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 158789/2019 |
| **MOTION DATE** | 12/19/2023 |
| **MOTION SEQ. NO.** | 003 |

**DECISION + ORDER ON MOTION**

HON. LORI S. SATTLER:

The following e-filed documents, listed by NYSCEF document number (Motion 003) 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90

were read on this motion to/for                   JUDGMENT - SUMMARY                   .

In this premises liability action, Plaintiff Ara Peterson ("Plaintiff") moves for summary judgment against defendants Columbia University ("Columbia"), Trustees of Columbia University, and The Columbia Makerspace ("Makerspace") (collectively "Defendants"), which oppose the motion.

The action arises from injuries suffered by Plaintiff on Defendants' property on September 14, 2017 when she was asked by Mohamed Haroun ("Haroun") to assist in the installation of a 60-pound air purifier unit on the ceiling of the Makerspace laboratory.  Plaintiff was a student at Columbia and a volunteer at Makerspace at the time.  Haroun was employed by Defendants as manager of Makerspace.  On the day in question, Haroun climbed a ladder to reach the ceiling while Plaintiff and another student lifted the air purifier above their heads so that he could attach wires to it.  During the installation, a wire connecting the air purifier unit to the ceiling snapped, causing the unit to fall and hit Plaintiff on the head.

158789/2019   PETERSON, ARA vs. COLUMBIA UNIVERSITY
  Motion No.  003

Page 1 of 4

Haroun testified that his responsibilities as Manager were to "basically operate the space . . . . Just general coordination of activities, maintenance of the equipment" (NYSCEF Doc. No. 82, Haroun EBT, 13). He stated that he had ordered the air filter for the laboratory and that he mentioned the purchase to his supervisors, although he did not need advance permission for the order (*id.* at 35-36). When asked who was responsible for installing items like the air purifier, Haroun stated "there is kind of a soft rule . . . that anything that isn't on a bench top or on the floor . . . you must contact the facilities . . . managers to do" (*id*. at 42). Haroun could not remember whether he asked the facilities personnel to install the air purifier (*id*. at 48) and testified that he felt that he could handle the installation with the help of student volunteers (*id*. at 49-50). After Plaintiff's accident, Haroun was told in an email from Jeffrey Kysar, chair of Columbia's mechanical engineering department, that "[i]n the future, you should ask facilities to install or mount anything that does not sit on a floor or bench top" (NYSCEF Doc. No. 84).

On a motion for summary judgment, a movant must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). After the movant makes this showing, "the burden shifts to the party opposing the motion . . . to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact" such that trial of the action is required (*id.*). The Court must view the facts "in the light most favorable to the non-moving party" (*Vega v Restani Constr. Corp.*, 18 NY3d 499, 503 [2012]).

Plaintiff contends that Defendants are liable for her injuries because they created a dangerous condition in the air purifier unit when their employee, Haroun, negligently installed the unit. She further argues that Defendants are liable for Haroun's actions under the doctrine of

**158789/2019   PETERSON, ARA vs. COLUMBIA UNIVERSITY**
Motion No.  003

**Page 2 of 4**

[* 2]

*respondeat superior* because he was acting within the scope of his employment as manager of the Makerspace laboratory.

Property owners owe a duty to exercise reasonable care in maintaining their property in a safe condition under the circumstances (*Tagle v Jakob*, 97 NY2d 165, 168 [2001]).  An owner may be held liable for injuries caused by dangerous conditions on their property where it created the condition (*Pintor v 122 Water Realty, LLC*, 90 AD3d 449, 451 [1st Dept 2011]).  An employer may be held liable for torts of its employees acting within the scope of their employment under the doctrine of *respondeat superior* (*Rivera v State of New York*, 34 NY3d 383, 389 [2019]).  "Liability attaches 'for the tortious acts of . . . employees only if those acts were committed in furtherance of the employer's business and within the scope of employment'" (*id.*, quoting *Doe v Guthrie Clinic, Ltd.*, 22 NY3d 480, 484 [2014]).

The question of whether a particular act falls within the scope of employment "depends heavily on the facts and circumstances of each particular case and as a result, the determination of that question is normally left to the trier of fact" (*Schilt v N.Y. City Transit Auth.*, 304 AD2d 189, 193 [1st Dept 2003], citing *Riviello v Waldron*, 47 NY2d 297, 302-303 [1979]).  The Court may consider certain factors in determining whether an employee's tortious actions fall within the scope of their employment, such as:

> [T]he connection between the time, place and occasion for the act; the history of the relationship between employer and employee as spelled out in actual practice; whether the act is one commonly done by such an employee; the extent of departure from normal methods of performance; and whether the specific act was one that the employer could reasonably have anticipated . . .

(*Riviello*, 47 NY2d at 303).

The Court finds that Plaintiff has failed to demonstrate the absence of a dispute of material fact as to whether Haroun was acting within the scope of his employment with Defendants.  Although it is undisputed that Haroun was the manager of Makerspace, his

**158789/2019   PETERSON, ARA vs. COLUMBIA UNIVERSITY**
**Motion No.  003**

**Page 3 of 4**

3 of 4

[* 3]

testimony does not establish that installation of the air purifier unit or similar equipment fell within his job responsibilities.  He testified that his role as manager included maintenance of the Makerspace equipment and that the "space was under my purview and my responsibility" (Haroun EBT at 13; 93).  However, he also testified about the purported soft rule requiring a request to facilities for anything not on the floor or bench top (*id*. at 42) and was given the same instruction by a department chair in an email after Plaintiff's accident (NYSCEF Doc. No. 84).

Plaintiff does not produce any other evidence regarding the scope of Haroun's responsibilities as a manager.  She also does not offer any proof as to whether Defendants were aware of or could have reasonably anticipated Haroun's installation of the air purifier using student assistance or whether Haroun or other Makerspace managers commonly engaged in such installation work (*see Riviello*, 47 NY2d at 303).  As there are material issues of fact about the scope of Haroun's employment, Plaintiff's motion for summary judgment must be denied.

Accordingly, it is hereby:

ORDERED that the motion is denied in its entirety.

**11/25/2024**
**DATE**

**LORI S. SATTLER, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**158789/2019   PETERSON, ARA vs. COLUMBIA UNIVERSITY**
**Motion No.  003**

**Page 4 of 4**

[* 4]