**Patterson Belknap Webb & Tyler LLP v HoganWillig, PLLC**

2025 NY Slip Op 31728(U)

May 12, 2025

Supreme Court, New York County

Docket Number: Index No. 655006/2022

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. ARLENE P. BLUTH                          PART                    14

                                             *Justice*

-------------------------------------------------------------------------------X

PATTERSON BELKNAP WEBB & TYLER LLP

                    Plaintiff,

            - v -

HOGANWILLIG, PLLC,

                    Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 655006/2022 |
| **MOTION DATE** | 05/09/2025 |
| **MOTION SEQ. NO.** | 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 65, 66, 67, 68, 69, 70, 71, 72, 73, 77, 78, 79, 80, 81, 82, 83, 84, 85

were read on this motion to/for            DISMISS DEFENSE            .

Plaintiff's motion to dismiss certain affirmative defenses is granted as described below.

**Background**

Plaintiff brings this case as part of an effort to collect on a judgment it secured against non-party Barbara Stewart. Plaintiff represented Ms. Stewart and, when she failed to pay legal fees, commenced a separate action to recover these fees. It obtained a judgment in 2013 against Ms. Stewart and alleges that no part of it was ever paid. Plaintiff contends it is now due over $3.5 million.

Plaintiff insists that it then issued various restraining notices to Ms. Stewart and her financial institutions. However, plaintiff does not claim it served a restraining notice on defendant. It claims that it took a deposition of Ms. Stewart in 2016 in which she claimed that her only asset that could be used to satisfy plaintiff's judgment was a property in Bermuda. Ms. Stewart asserted that although she was awarded certain jewelry in connection with her divorce

proceeding, her former daughter-in-law had misappropriated these items, including a diamond ring. It contends that a few months after giving the above testimony (in August 2016), Ms. Stewart sold the diamond ring (with the assistance of her then lawyer, non-party David Marcus) for $2.375 million (it was a 24.79 carat diamond ring). Plaintiff alleges that the proceeds of the sale were deposited into a bank account controlled by Mr. Marcus' firm.

Plaintiff contends that Mr. Marcus's firm ("M&C") transferred about $630,000 out of the account to pay off debts that Ms. Stewart allegedly owed to M&C and another attorney, and then transferred the remaining portion of the proceeds to three escrow accounts for Ms. Stewart's benefit. Plaintiff alleges that in December 2017, Ms. Stewart entered into a retainer agreement with defendant which included a retainer fee of $625,000 (this money was transferred by M&C to defendant). Another retainer agreement was entered into between M&C and Ms. Stewart for over $750,000. Taken together, these actions exhausted the bulk of remaining proceeds from the sale of the ring.

In this motion, plaintiff seeks to dismiss defendant's sixth, seventh, tenth, eleventh, thirteenth, fourteenth, and fifteenth affirmative defenses. Plaintiff contends that many of these defenses fail because they are conclusory and are unsupported by any factual allegations. It contends that it wants to streamline discovery by dismissing meritless affirmative defenses.

With respect to the eleventh, thirteenth fourteenth and fifteenth affirmative defenses, plaintiff observes that these should be dismissed because they are composed of a single sentence and do not contain any other facts. Plaintiff argues that the rest of the answer does not provide any support for them. It also contends that the remaining defenses should be dismissed because they are without merit.

**655006/2022   PATTERSON BELKNAP WEBB & TYLER LLP vs. HOGANWILLIG, PLLC**          **Page 2 of 7**
   **Motion No.  004**

[* 2]

2 of 7

In opposition, defendant claims that an affirmative defense should not be dismissed unless it prejudices plaintiff. It contends that the instant motion is premature because discovery is in its early stages and it has not yet received any discovery from plaintiff.

In reply, plaintiff argues that it need not show prejudice in order to dismiss affirmative defenses. It points out that the prejudice issue applies to situations in which a party raises a defense in the context of a summary judgment motion that was not previously asserted.

**Discussion**

The Appellate Division, First Department has held that "bare legal conclusions are insufficient to raise an affirmative defense" (*Robbins v Growney*, 229 AD2d 356, 358 [1st Dept 1996] [dismissing affirmative defenses]). Contrary to defendant's arguments in opposition, the standard on a motion to dismiss affirmative defenses concerns whether the defense "is totally devoid of merit" (*Hauptner v Laurel Dev., LLC*, 65 AD3d 900, 903 [1st Dept 2009]). The Court need not consider whether there is any prejudice to plaintiff. The cases defendant cites related to prejudice concerning defenses raised for the first time in the summary judgment context (*see Edwards v New York City Tr. Auth.,* 37 AD3d 157, 158 [1st Dept 2007]; *Brodeur v Hayes*, 305 AD2d 754, 755 [3d Dept 2003] ["Even an unpleaded defense may be raised on a summary judgment motion, as long as it would not be likely to surprise the adverse party or raise issues of fact not previously apparent"]).

*Sixth and Eleventh Defenses*

The sixth affirmative defense contends that plaintiff waived any right to the ring or the sale proceeds from the ring because it failed to intervene in a federal case filed in the Southern District of New York. The eleventh affirmative defense alleges that "The Plaintiff lacks standing to assert the claims set forth in the Complaint" (NYSCEF Doc. No. 64 at 6).

**655006/2022   PATTERSON BELKNAP WEBB & TYLER LLP vs. HOGANWILLIG, PLLC**
**Motion No.  004**

**Page 3 of 7**

[* 3]

3 of 7

The Court dismisses both of these defenses. Defendant did not adequately explain how plaintiff's purported knowledge of a federal action between Ms. Stewart and her daughter-in-law constitutes a waiver of its right to bring the instant matter. Defendant claimed in opposition that plaintiff knew "that if the defendant in the Jewelry Case (Michele Stewart a/k/a Michele Bouman Stewart) prevailed in that case and established ownership of the subject diamond ring, the Plaintiff would have no rights with respect to the ring" (NYSCEF Doc. No. 77 at 7). But this hypothetical is of no moment because, as plaintiff correctly observes, the federal action resulted in a settlement and so it is unclear how plaintiff's failure to intervene forecloses this case.

And the fact is that the alleged fraudulent transfer here occurred in December 2017 which was before the federal case was even commenced in 2018; this means that defendant's purported liability arose well before that other dispute. Moreover, to the extent that defendant claims there are unresolved issues of fact relative to these defenses, it did not identify those issues of fact (or what it hopes discovery will reveal) and so the Court is unable to find that it would be premature to dismiss these defenses.

*Seventh Defense*

In this affirmative defense, defendant claims that plaintiff failed to obtain a lien pursuant to CPLR 5202 (NYSCEF Doc. No. 64 at 5). The Court dismisses this defense as plaintiff is not seeking to execute upon a debt or to resolve a dispute concerning the priority of its judgment with other creditors. Rather, plaintiff is seeking to recover based on the Debtor Creditor Law. Defendant's purported authority for this argument is inapposite and it failed to address the fact that the CPLR section cited in support of this affirmative defense deals with priority of interests for judgment creditors, something that is not at issue here.

**655006/2022   PATTERSON BELKNAP WEBB & TYLER LLP vs. HOGANWILLIG, PLLC**       **Page 4 of 7**
**Motion No.  004**

[* 4]                                                                  4 of 7

*Tenth Defense*

This defense is based on the doctrines of estoppel and unclean hands. Defendant alleges that plaintiff accepts retainers from its clients to secure the payment of future legal services even if the client is bankrupt or has judgments against them. (NYSCEF Doc. No. 64 at 6). The Court similarly dismisses this defense as defendant failed to adequately allege any facts to support it; defendant has not alleged how plaintiff's actions in representing unrelated parties impacts plaintiff's dealings with defendant here. Defendant's papers did not adequately expound upon this and instead defendant simply asserts it was correct to enter into the retainer with Ms. Stewart. It is wholly unclear how plaintiff's use of retainers for its clients supports an estoppel or unclean hands affirmative defense.

The issue in this case is not solely the use of a retainer agreement; of course lawyers get paid by people who don't pay all their bills and may owe money to others. But that is not what this case is about. Rather, this case involves defendant's use of a retainer agreement combined with the acceptance of well over half a million-dollar retainer payment for future unspecified work where, according to plaintiff, defendant knew that the client owed an unpaid judgment and the retainer specifically mentioned the existence of plaintiff's efforts to satisfy the judgment. Plaintiff's use of retainer agreements with its clients is not, at least on this record, relevant to this matter and it risks unnecessarily broadening the scope of discovery.

*Thirteenth Defense*

This defense states that "In addition to the defenses set forth above, the Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, laches, waiver and ratification." The Court observes that defendant withdrew the laches portion of this defense (NYSCEF Doc. No. 77 at 3), and the Court has already found that the estoppel and waiver defenses should be dismissed.

**655006/2022   PATTERSON BELKNAP WEBB & TYLER LLP vs. HOGANWILLIG, PLLC**   **Page 5 of 7**
**Motion No.  004**

5 of 7

That leaves ratification and defendant's opposition failed to address this theory at all. Therefore, the Court dismisses this defense in its entirety.

*Fourteenth Defense*

This affirmative defense alleges that "The Plaintiff's claims are barred, in whole or in part, due to Plaintiffs failure to mitigate damages." The Court dismisses this affirmative defense as it is comprised of a bare legal conclusion. Moreover, defendant did not cite any authority for its assertion that plaintiff had a duty to mitigate damages where, as here, plaintiff brings claims under the Debtor Creditor Law as opposed to a common law breach of contract claim (where a plaintiff may have a duty to mitigate damages).

*Fifteenth Defense*

Defendant withdrew this affirmative defense based on the statute of limitations on page 3 of its memo of law.

**Summary**

The final issue for this Court is whether to grant plaintiff's request that the Court dismiss these affirmative defenses "with prejudice." "A dismissal 'with prejudice' generally signifies that the court intended to dismiss the action 'on the merits,' that is, to bring the action to a final conclusion" (*Yonkers Contr. Co., Inc. v Port Auth. Trans-Hudson Corp.*, 93 NY2d 375, 380 [1999]). Those circumstances are clearly present here. The fact is that this motion was defendant's chance to articulate allegations to support these affirmative defenses and they failed to do so.

For instance, there is nothing in this record to suggest that plaintiff has unclean hands or that the doctrine of estoppel could apply in any way. In fact, there is no dispute that plaintiff had no interaction with defendant at all and so it is unclear how plaintiff could have unclean hands.

**655006/2022  PATTERSON BELKNAP WEBB & TYLER LLP vs. HOGANWILLIG, PLLC**          **Page 6 of 7**
**Motion No.  004**

6 of 7

[* 6]

Nor is it readily apparent how they waived their right to pursue this case by not intervening in a separate matter that eventually settled, how they had a duty to mitigate damages in this type of case or how a CPLR section about the enforcement of money judgments required plaintiff to file a lien. Plaintiff is a judgment creditor that is entitled to pursue a Debtor Creditor Law action against a party that received funds from the judgment debtor. And defendant did not explain what it expects to find in discovery that could eventually support these affirmative defenses. Therefore, the Court dismisses these affirmative defenses with prejudice.

Accordingly, it is hereby

ORDERED that plaintiff's motion to dismiss the sixth, seventh, tenth, eleventh, thirteenth, fourteenth, and fifteenth affirmative defenses is granted in all respects and these defenses are dismissed with prejudice.

See NYSCEF Doc. No. 76 regarding the next conference.

| 5/12/2025 | | | | |
|-----------|---|---|---|---|
| **DATE** | | | **ARLENE P. BLUTH, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|----------------------|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

655006/2022   PATTERSON BELKNAP WEBB & TYLER LLP vs. HOGANWILLIG, PLLC          Page 7 of 7
Motion No.  004

7 of 7