■ CRAIG BEAN, Individually and as Administrator of the Estate of GLORIA LOPEZ, Deceased, Respondent, v RUPPERT TOWERS HOUSING Co., INC., et al., Appellants. [710 NYS2d 575] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered March 19, 1999, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint.

This appeal arises from a fire in plaintiff's* apartment and concerns the apartment door that for twenty years before the fire and for three years after the fire functioned without problem or complaint. Plaintiff claims that the fire-related injuries he sustained resulted from the frame around the door being too small.

The fire occurred on January 13, 1995, when plaintiff, his two brothers (Corey and Christopher), a friend (Steven), and his mother (the decedent) decided to remove a Christmas tree from their second-story apartment. Corey and Steven held the apartment door open while plaintiff and his mother carried the tree from the kitchen towards the door. As the tree was being carried, its branches brushed against the stove knobs, igniting the burners, which in turn caused the tree to burst into flames. Corey and Steven immediately fled the apartment, allowing the door to close behind them. Plaintiff, all within only a few seconds of the start of the fire, alleges that he ran for a fire extinguisher but then, deciding that there was insufficient time, ran back to the door, tried the door knob several times and found that he was unable to open the door. Plaintiff knows little of what happened afterwards since he passed out. When

---

* All references to plaintiff relate to his status as an individual plaintiff and as administrator of the estate of Gloria Lopez.

he regained consciousness, he found himself in a stairwell with a fireman who was holding an oxygen mask to his face. His mother was removed from the apartment through a window, but died later at the hospital.

Plaintiff commenced two actions, one for the wrongful death of his mother, Gloria Lopez, and the other for personal injuries he sustained as a result of the fire. The defendants are the owners and managers of the building.

Defendants,. asserting that there was no basis for liability, moved for summary judgment. The evidence in support of the motion indicated that Joseph Portelli (the building superintendent), Dan McCaffrey (the director of security for the building), and Edward Plankey (a fire investigator retained by defendants) all examined the door in question and found it to be operating properly.

Thus, Portelli testified at his deposition that he examined plaintiff's door after the fire. The door was not dented, warped, or bent. Moreover, the only work the door required after the fire was repainting. McCaffrey's testimony was similar. He also noted that there had never been any complaints about the door. As to the door's ability to withstand fire, he indicated that it was fire-rated by Underwriters Lab for one-and-one-half hours.

The fire investigator, Edward Plankey, confirmed that the door was fire-rated and complied with all New York City fire codes, rules, and regulations. Based upon his investigation, Plankey concluded that there was no defect in the door that would have prevented plaintiff from opening it.

Plaintiff's deposition testimony supported the evidence emanating from Portelli, McCaffrey, and Plankey. He admitted that he was unaware of any complaints about the door either before or after the fire, and that the only repair to the door following the fire was a repainting. Furthermore, consistent with the testimony of Portelli and McCaffrey, he acknowledged that after the fire the door operated normally and without any problem.

The foregoing evidentiary backdrop demonstrates that defendants were free of any negligence with regard to the door or its frame and established, prima facie, their entitlement to summary judgment (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853; *Zuckerman v City of New York*, 49 NY2d 557, 562). Plaintiff was therefore obligated to come forward with evidence in admissible form sufficient to establish the existence of material issues of fact requiring a trial of this action (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).

In seeking to oppose the motion and meet this burden, plaintiff contended that he was unable to open the door as a result of defendants' negligence. In plaintiff's view, the door warped under the intense heat of the fire and became inoperable because the frame surrounding the door was too small. Thus, defendants were allegedly negligent in utilizing a frame that was too small. To support this theory, plaintiff submitted an affidavit from Stanley Fein, a professional engineer, who inspected the door three years after the fire.

Fein asserted that his inspection of the door revealed an indentation on the upper left portion, which indicated to him that it had been struck by an axe to gain access to the apartment. However, he did not explain why this alleged indentation was consistent with the blow of an ax. In addition, he alleged that the door was warped and a metal plate on top of the door was bowed. Fein therefore concluded that "the door frame was not large enough for this door when fire safety issues were considered; that this door was thereby negligently installed, causing [plaintiff's] inability to open the stuck door."

For purposes of this motion, we accept as true plaintiff's claim that he was unable to open the door during the fire. We also accept as true, notwithstanding the overwhelming opposing evidence, Fein's claim that the door was warped. These assertions, however, do not create any inference of negligence (*cf., Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226). In this regard, it is self-evident that damage may occur to a door and its frame during a fire no matter how well-constructed and that the intense heat of a fire may cause warping. The issue presented, therefore, is whether Fein has established that defendants were negligent in leaving in place what he considered to be a frame that was too small. Subsumed in this issue is the question of whether defendants had any notice of the door frame being too small.

Careful analysis of Fein's affidavit indicates that it is woefully inadequate to create an issue of fact necessitating a trial of this action. Hence, while he alleged that the door was warped, he did not indicate that this caused any problem in opening the door and, in fact, it is uncontroverted that the day after the fire the door operated normally. Moreover, Fein does not indicate that a door and frame of proper size would not have been adversely affected during this fire. As to his alleged claim that "the door frame was not large enough for this door when fire safety issues were considered," he failed to offer an explanation as to what size frame was necessary or in what precise manner this frame was deficient, i.e., what tolerances

were required for a door of this size. Nor did his bald allegations explain how the door frame was deficient when "fire safety issue [are] concerned." Indeed, Fein failed to state that the use of this door and frame was in violation of any fire codes, rules, regulations, or industry standards (see, Trimarco v Klein, 56 NY2d 98). His conclusory opinion was, therefore, without probative value and insufficient to raise a triable issue of fact to defeat defendants' motion for summary judgment (see, Amatulli v Delhi Constr. Corp., 77 NY2d 525, 533; Jackson v Dresser Indus., 257 AD2d 538; Wright v New York City Hous. Auth., 208 AD2d 327, 331; Prince, Richardson on Evidence § 7-308, at 470-471 [Farrell 11th ed]).

In any event, even if the frame was too small, Fein fails to proffer a scenario permitting the conclusion that defendants knew or should have known of this purported defect. As previously indicated, for numerous years, both before and after the fire, the door operated properly. "[C]onstructive notice will not be imputed where the defect is latent, i.e., where * * * the defect is of such a nature that it would not be discoverable even upon a reasonable inspection [citations omitted]".(Ferris v County of Suffolk, 174 AD2d 70, 76; see also, Jehle v Adams Hotel Assocs., 264 AD2d 354). While Fein alleges that he discovered the defect after the fire he fails to set forth how or why a reasonable inspection before the fire would have revealed the defective nature of the frame. Hence, the inescapable conclusion is that defendants lacked any notice, actual or constructive, of the alleged defect, which lack of notice further supports granting summary judgment to them.

Finally, while we have accepted as true Fein's claim that the door was warped, it stretches credulity to the breaking point to believe that the door was warped when plaintiff sought to exit the apartment. Plaintiff, at his deposition, testified that "from the time the fire first started until [the] time [he] tried to open the door" only "a few seconds" elapsed. It is inconceivable that a fire-rated door could have warped in that time frame.

Notwithstanding the foregoing, plaintiff asserts that defendants' motion should have been denied because it was untimely (CPLR 3212 [a]). Under the circumstances presented, Supreme Court properly considered defendants' motion, which was made only nine days after the statutory deadline (see, Rossi v Arnot Ogden Med. Ctr., 252 AD2d 778). Concur—Tom, J. P., Andrias, Saxe and Friedman, JJ.