■ ZOILA BARRERRA, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [877 NYS2d 32]—

Judgment, Supreme Court, New York County (Donna M. Mills, J.), entered March 14, 2008, dismissing the complaint upon the grant of defendant's motion for judgment notwithstanding the verdict, unanimously affirmed, without costs.

Plaintiff testified at trial that she was walking in the middle of the staircase leading to the subway at 168th Street and St. Nicholas Avenue when she put her right foot on the step and something detached from the stair. After she fell, a person who

helped her stand up identified the place where she fell. Plaintiff testified that four days later the unnamed third person went with her to the location, told her where she had fallen and took photographs. On one of the photographs, which was admitted into evidence, plaintiff marked the step where she allegedly fell.

The trial court set aside the verdict in favor of plaintiff on the ground that nothing was presented which showed that the condition existed for a period of time sufficient for defendant to have had a chance to repair it.

To constitute constructive notice, a defect must be visible and apparent, and must exist for a sufficient length of time before the accident to permit defendant's employees to discover and remedy it (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). Plaintiff failed to establish that defendant had constructive notice of the alleged defect. Constructive notice will not be imputed where the defect is latent (*see Bean v Ruppert Towers Hous. Co.*, 274 AD2d 305, 308 [2000]). Finally, plaintiff failed to establish the location of the accident through admissible evidence and instead relied on hearsay statements of an unidentified third party. Accordingly, plaintiff failed to prove a prima facie case of defendant's negligence. Concur—Andrias, J.P., Friedman, McGuire and Moskowitz, JJ.