■ CESAR N. LADIGNON et al., Respondents, v LOWER MANHATTAN DEVELOPMENT CORPORATION, Defendant, BOVIS LEND LEASE LMB, INC., Appellant-Respondent/Third-Party Plaintiff-Appellant-Respondent, R&J CONSTRUCTION CORP., Respondent-Appellant, and GRAMERCY WRECKING & ENVIRONMENTAL CONTRACTORS, INC., Respondent. PARADISE ELECTRICAL ENERGY CONTRACTORS, INC., et al., Third-Party Defendants-Respondents, and R&J CONSTRUCTION CORP., Third-Party Defendant-Respondent-Appellant. [10 NYS3d 28]—

Orders, Supreme Court, New York County (Eileen A. Rakower, J.), entered December 17, 2013, which, insofar as appealed from, granted the motion of defendant Gramercy Wrecking & Environmental Contractors, Inc. for summary judgment dismissing the complaint and all cross claims and third-party

claims against it, denied the motion of defendant Bovis Lend Lease LMB for summary judgment dismissing the complaint as against it and for summary judgment on its third-party claims, and denied the motion of defendant R&J Construction for summary judgment dismissing all cross claims and third-party claims as against it, unanimously affirmed, without costs.

Plaintiff Cesar Ladignon was working as an inspector for the demolition of a building when, while walking down a flight of stairs, he slipped and fell on a broken light bulb and nails that were left in the stairway. He commenced this action against Bovis, the construction manager, and three of the subcontractors, R&J, Gramercy and Paradise Electrical Energy Contractors, alleging, among other things, violations of Labor Law §§ 200 and 241 (6). Bovis commenced a third-party action for indemnification and contribution from the subcontractors.

On the various motions for summary judgment, the court correctly found that there was no evidence that Gramercy, the subcontractor responsible for cleaning up debris, created or had notice of the defective condition of the staircase. Gramercy was responsible for cleaning up the debris on the site either at the end of a subcontractor's project, at the end of a shift, or as directed by Bovis. Plaintiff's accident occurred at approximately 8:45 a.m., and Gramercy had performed its cleaning functions at the end of the previous day and there is no evidence that it ignored a directive to clean. Accordingly, the action and third-party action were properly dismissed as against Gramercy.

There are, however, triable issues concerning whether Bovis may be liable for plaintiff's fall and thus, the court properly declined to dismiss the common-law negligence and Labor Law §§ 200 and 241 (6) claims as against it. There are triable issues as to constructive notice of the defective condition of the staircase since the record is unclear as to when the staircase was last inspected prior to plaintiff's fall. Moreover, Bovis's argument that there is no viable Labor Law § 241 (6) claim, is unavailing. Plaintiff slipped on debris in a work area (*see* 12 NYCRR 23-1.7 [e]), and plaintiff, a demolition inspector, was "within the class of persons that Labor Law § 241 (6) was intended to protect" (*McNeill v LaSalle Partners*, 52 AD3d 407, 409 [1st Dept 2008]).

Furthermore, the record presents triable issues of fact as to whether the electrical (Paradise) and carpentry (R&J) subcontractors may be required to indemnify Bovis or contribute to the payment of plaintiffs' claims. Neither subcontractor has sufficiently demonstrated that the debris upon which plaintiff slipped could not have come from their work (*see generally*

*Raquet v Braun*, 90 NY2d 177 [1997]; *see Mitchell v Fiorini Landscape*, 284 AD2d 313, 314-315 [2d Dept 2001]).

We have considered the parties' remaining arguments, and find them unavailing. Concur—Sweeny, J.P., Renwick, Andrias, Moskowitz and Gische, JJ.