Ellis v JPMorgan Chase Bank (2021 NY Slip Op 00010)





Ellis v JPMorgan Chase Bank


2021 NY Slip Op 00010


Decided on January 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 05, 2021

Before: Webber, J.P., Singh, Kennedy, Shulman, JJ. 


Index No. 156426/17 Appeal No. 12789 Case No. 2020-02241 

[*1]Roxanne Ellis, Plaintiff-Respondent,
v
JPMorgan Chase Bank, et al., Defendants-Appellants.


Stagg Wabnik Law Group LLP, Garden City (Michael C. Dombrowski of counsel), for appellants.
Reingold & Tucker, Brooklyn (Jordan W. Tucker of counsel), for respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered September 23, 2019, which denied defendants' motion for summary judgment dismissing the complaint and granted in part plaintiff's cross motion for spoliation sanctions, unanimously affirmed, without costs.
Defendants' summary judgment motion was properly denied. Plaintiff alleges that she sustained personal injuries while making a delivery to defendants' loading dock, and that defendants negligently operated and maintained the dock by allowing the accumulation of debris thereon, creating a hazardous condition. Defendants' head of security and loading dock manager testified that photographs of the loading dock taken immediately after the accident depicted an unacceptable condition which should have been remedied. Accordingly, summary judgment is precluded by triable issues as to whether the loading dock's condition was dangerous or defective (see Jangana v Nicole Equities LLC, 127 AD3d 458 [1st Dept 2015]).
Defendants also failed to establish a lack of notice, as no evidence was submitted to show when the area was last inspected (see Ladignon v Lower Manhattan Dev. Corp., 128 AD3d 534 [1st Dept 2015]).
The motion court properly granted plaintiff's cross motion for spoliation sanctions due to the defendants' failure to preserve surveillance video footage (see Maiorano v JPMorgan Chase & Co., 124 AD3d 536 [1st Dept 2015]). After the accident occurred, plaintiff informed defendants' head of security of the accident and her injuries. Thus, plaintiff established that defendants were on notice that the surveillance footage, which captured how the accident occurred and the duration of the alleged hazardous condition, might be needed for future litigation.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 5, 2021