Pianoforte v New York City Hous. Auth. (2023 NY Slip Op 02192)

Pianoforte v New York City Hous. Auth.

2023 NY Slip Op 02192

Decided on April 27, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 27, 2023

Before: Renwick, A.P.J., González, Kennedy, Higgitt, JJ. 

Index No. 156924/17 595203/18 595924/18 Appeal No. 114 Case No. 2022-00667 

[*1]Anthony Pianoforte et al., Plaintiffs-Respondents,
v
New York City Housing Authority et al., Defendants-Respondents, Kordun Construction Corporation, Defendant-Appellant, Vital Plumbing, Inc., Defendant.
New York City Housing Authority et al., Third-Party Plaintiffs-Respondents,
v
Kanta Electric Corp, Third-Party Defendant, Kordun Construction Corporation, Third-Party Defendant-Appellant. [And a Second Third Party Action]

Kiernan Trebach LLP, Garden City (Thomas E. Fogarty of counsel), for appellant.
Litchfield Cavo LLP, New York (Dana M. Catanzaro of counsel), for New York City Housing Authority and Technico Construction Services Inc., respondents.

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered January 20, 2022, which, to the extent appealed from, denied defendant/third-party defendant Kordun Construction Corporation's motion for summary judgment dismissing plaintiff's common-law negligence claim and all cross-claims and third-party claims as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff alleges that he sustained injuries when he tripped and fell due to stepping into an uncovered core hole while performing electrical work in the boiler room of a building owned by defendant New York City Housing Authority. Defendant Technico Construction Services, Inc. was the general contractor on the project, and defendant Kordun was the HVAC subcontractor.
The court should have granted Kordun summary judgment dismissing the common-law negligence claim and all cross-claims and third-party claims as against it. Kordun established prima facie that it did not create the core hole on which plaintiff tripped and fell by submitting the testimony of its construction superintendent that Kordun did not require, use, or drill any core hole in the boiler room prior to plaintiff's accident. Further, Technico's superintendent testified that Technico was responsible for covering holes and openings at the jobsite and, when shown a photograph of the subject core hole, that stated the core hole appeared to have preexisted the construction project.
In opposition, plaintiff failed to raise a triable issue of fact. The testimony of Technico's superintendent that he had seen Kordun employees drilling core holes was
insufficient to rebut plaintiff's prima facie showing, as he could not recall where or when the core holes were being drilled (see Flores v City of New York, 29 AD3d 356, 358 [1st Dept 2006]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 27, 2023