Manson-Frempong v Forbes (2024 NY Slip Op 00139)

Manson-Frempong v Forbes

2024 NY Slip Op 00139

Decided on January 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 11, 2024

Before: Kern, J.P., Oing, Singh, Kapnick, O'Neill Levy, JJ.

Index No. 29389/18 Appeal No. 1397 Case No. 2022-05168 

[*1]Faustina Manson-Frempong, Plaintiff-Appellant,
v
Louise Phillips Forbes et al., Defendants-Respondents.

Michael H. Zhu, PC, Rego Park (Michael H. Zhu of counsel), for appellant.
Kahana Feld, LLP, New York (Sarah Pavlini of counsel), for respondents.

Order, Supreme Court, Bronx County (Andrew Cohen, J.), entered on or about October 17, 2022, which, in an action for personal injury, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants property owners submitted sufficient evidence to satisfy their prima facie burden demonstrating a lack of constructive notice (see Jordon v American Museum of Natural History, 67 NY2d 836, 837-838 [1986]; Ross v Betty G. Reader Revocable Trust, 86 AD3d 419, 421 [1st Dept 2011]). The evidence established that neither defendant Christopher Forbes, during his bimonthly or quarterly inspections of the home, nor plaintiff, during her three years traversing the basement staircase two or three times per week to access the laundry, including earlier the day of her incident, observed damage or wear-and-tear to the steps, experienced a problem while using the stairwell, or were advised of any issues with the staircase. Moreover, as there was no visible or apparent damage to the step, defendants could not have discovered any latent condition through reasonable inspection (see Lopez v Dagan, 98 AD3d 436, 438-439 [1st Dept 2012], lv denied 21 NY3d 855 [2013]; see also Barrerra v New York City Tr. Auth., 61 AD3d 425, 426 [1st Dept 2009]).
Plaintiff failed to raise a question of fact in response to defendants' prima facie showing that they lacked constructive notice of the alleged defective condition. Plaintiff proffered no evidence that constructive notice was possible given the latency of the step's defect and did not argue that a reasonable inspection would have revealed same (see Bean v Ruppert Towers Hous. Co., 274 AD2d 305, 308 [1st Dept 2000]). Plaintiff's argument that defendants had notice, based on her vague testimony that she told a handyman that the staircase sometimes shook when she used it, is insufficient to defeat defendants' motion.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 11, 2024