Rodriguez v Miller Plumbing & Heating, Inc. (2024 NY Slip Op 00395)

Rodriguez v Miller Plumbing & Heating, Inc.

2024 NY Slip Op 00395

Decided on January 30, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 30, 2024

Before: Singh, J.P., Kapnick, Kennedy, Higgitt, Michael, JJ. 

Index No. 452253/16, 595080/19 Appeal No. 1561 Case No. 2022-05005 

[*1]Francisca Paguada Rodriguez, Plaintiff-Appellant-Respondent,
v
Miller Plumbing and Heating, Inc., Defendant-Respondent, Hudson Meridian Construction Group, LLC, Defendant-Respondent-Appellant, John Gallin & Son, Inc. et al., Defendants.
Hudson Meridian Construction Group, LLC, Third-Party Plaintiff-Respondent-Appellant,
v
Infinium Wall Systems, Inc., Doing Business as Infinium Architectural Wall Systems, Third-Party Defendant-Respondent. (And a Second Third-Party Action.)

Mischel & Horn, P.C., New York (Scott T. Horn of counsel), for appellant-respondent.
Law Offices of Keith J. Conway, Melville (Paul Loumeau of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Sabrina Kraus, J.), entered September 30, 2022, which granted defendant Hudson Meridian Construction Group, LLC's motion for summary judgment dismissing the complaint against it, and granted third-party defendant Infinium Wall Systems, Inc. d/b/a Infinium Architectural Wall Systems' motion for summary judgment dismissing the third-party complaint against it, unanimously affirmed, without costs.
Plaintiff was injured while cleaning a sliding glass door in an office on the 15th floor of a building when a piece of the metal door frame fell and struck her. Hudson was the construction manager for an interior fit-out project on the building's 14th and 15th floors.
The court correctly granted Hudson's motion for summary judgment dismissing the complaint against it. The evidence established that Hudson neither owned, occupied, controlled, or made special use of the location where plaintiff was injured (see Branch v County of Sullivan, 25 NY3d 1079, 1082 [2015]; Gibbs v Port Auth. of N.Y., 17 AD3d 252, 254 [1st Dept 2005]). The evidence also demonstrated that by the time the incident occurred, Hudson had completed its work on the 15th floor.
Hudson also established prima facie that none of the exceptions to the general rule that a party who contracts to perform services on another's property owes no duty in tort to injured third parties apply here (see Espinal v Melville Snow Contrs., 98 NY2d 136, 138-140 [2002]). The evidence demonstrated that Hudson did not create or exacerbate the alleged defective condition on the 15th floor, namely the piece of the door frame, or "valance," from the glass sliding door that fell and hit plaintiff. The glass partitions were designed and manufactured by Infinium and installed by Wall Install, LLC. Hudson also cannot be held vicariously liable for Infinium or Wall Install's potential creation of the defect, as their work was performed pursuant to a direct contract between the building owner and Infinium, not under Hudson's construction management services agreement with the owner. Moreover, plaintiff was unfamiliar with Hudson and thus could not detrimentally rely on its continued performance of a contractual responsibility owed to the building owner. Further, there was nothing in Hudson's construction management services agreement with the building owner by which Hudson agreed to entirely displace the owner's duty to safely maintain the premises, especially after the completion of construction and the premises' return to the owner.
Hudson also established it did not have constructive notice of a defect in the door frame or its valance (see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838 [1986]). There was no evidence proffered demonstrating whether the valance was defectively designed or manufactured, whether it was improperly installed, or whether an intervening act by plaintiff or another caused it to fall. Thus, any defect was not visible and apparent to give [*2]rise to constructive notice and instead was hidden and latent so that Hudson could not have discovered it upon a reasonable inspection (see Barrerra v New York City Tr. Auth., 61 AD3d 425, 426 [1st Dept 2009]; Bean v Ruppert Towers Hous. Co., 274 AD2d 305, 308 [1st Dept 2000]).
Supreme Court also correctly dismissed the third-party complaint against Infinium for the same reasons that it granted Hudson summary judgment dismissing plaintiff's complaint, to wit: Infinium neither owned or occupied the premises nor installed the glass partitions. Rather, Wall Install performed the installation work. As plaintiff's claims against Hudson were dismissed, Hudson's third-party complaint against Infinium for indemnification was rendered moot (see People v Grasso, 53 AD3d 403, 403 [1st Dept 2008]).
We have considered plaintiff's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 30, 2024