| **Golebiowski v Structure Tone** |
|:---:|
| 2024 NY Slip Op 33586(U) |
| October 8, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 154949/2021 |
| Judge: Sabrina Kraus |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  __HON. SABRINA KRAUS__      PART     57M

*Justice*

-------------------------------------------------------------------------X

JOHN GOLEBIOWSKI,

                            Plaintiff,

                    - v -

STRUCTURE TONE, FSP 787 SEVENTH, LLC,

                         Defendant.

-------------------------------------------------------------------------X

STRUCTURE TONE, FSP 787 SEVENTH, LLC

                       Plaintiff,

                  -against-

ADCO ELECTRICAL CORP.

                       Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 154949/2021 |
| MOTION DATE | 02/15/2024, 07/03/2024 |
| MOTION SEQ. NO. | 001 002 |

**DECISION + ORDER ON MOTIONS**

Third-Party
Index No. 595632/2022

The following e-filed documents, listed by NYSCEF document number (Motion 001) 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 91, 92, 94, 95, 96

were read on this motion to/for          JUDGMENT - SUMMARY          .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 93, 97, 99, 100

were read on this motion to/for          AMEND CAPTION/PLEADINGS          .

## BACKGROUND

This is an action to recover damages for personal injuries allegedly sustained by plaintiff when on November 6, 2018, when while descending a plywood staircase his foot fell through a step, during the course of plaintiff's employment as a journeyman electrician on a construction project (the "project") while working in an auditorium located at 787 Seventh Avenue in

**154949/2021  GOLEBIOWSKI, JOHN vs. STRUCTURE TONE ET AL**
Motion No.  001 002

**Page 1 of 14**

1 of 14

Manhattan (the "premises"). Plaintiff asserts causes of action for common law negligence and violations of Labor Law §§ 200, 240(1), and 241(6).

Defendant/third party plaintiff FSP 787 ("FSP") is the owner of the premises. Defendant/third party plaintiff Structure Tone i/s/h/a Structure tone, LLC ("Structure Tone") was the general contractor on the project. Third-party defendant ADCO Electrical Corp. ("ADCO") was an electrical subcontractor on the project and plaintiff's employer.

## PENDING MOTIONS

On January 30, 2024, Structure Tone and FSP (collectively, "defendants") moved for an order pursuant to CPLR 3211 and/or 3212 granting them summary judgment dismissing plaintiff's common law negligence and Labor Law §§ 200, 240(1), and 241(6) claims, and granting them summary judgment on the Third-Party Complaint for contractual defense and indemnification (Mot. Seq. 1).

On April 18, 2024, ADCO cross moved for an order pursuant to CPLR § 3212 dismissing defendants' third-party complaint.

On April 18, 2024, plaintiff also cross moved for an order pursuant to CPLR § 3212 and Labor Law 241(6) granting partial summary judgment on the issue of liability in favor of plaintiff.

On June 25, 2024, plaintiff moved for an order pursuant to CPLR§ 3025 (b) supplementing the Bill of Particulars (Mot. Seq. 2).

The motions are consolidated herein and determined as set forth below.

## ALLEGED FACTS

Plaintiff testified that he was working on the project as a journeyman electrician employed by ADCO. His supervisor was Paul DeMaio ("DeMaio"), an ADCO foreman, who

**154949/2021  GOLEBIOWSKI, JOHN vs. STRUCTURE TONE ET AL**
**Motion No.  001 002**

**Page 2 of 14**

2 of 14

would exclusively give him his daily instructions and assignments. On the day of the accident, plaintiff was tasked with drilling the floor in the seating area at the center-back of the auditorium at the premises. When he arrived, he entered directly on to the stage from an entrance in the back of the stage. As plaintiff was descending the plywood steps/stairs on the left side of the stage with his tool bag in order to get to the rear of the auditorium to work, he stepped with his right foot onto the 3rd step from the top and his foot broke through the step, causing his right leg to fall about one foot through the step to his right calf, and his right ankle to twist. He testified that the step was "broken before I stepped on it" because he stepped through without resistance and there was no debris. He was unsure whether he had used those stairs at any point prior to his accident but had seen others use the steps and was unaware of any issues with them prior to his accident. He testified that the stairs were dry and not slippery.

Structure Tone superintendent Carmine Rizzi ("Rizzi") testified that Structure Tone's role on the project was basic construction management, including overseeing the day-to-day work, supervising the various trades and subcontractors, walking the area, cleaning up and setting up protection on and around the stage. It also had the authority to stop work if Rizzi observed an unsafe or dangerous condition. On the day of the accident, Structure Tone was doing debris removal and protection work in the auditorium. Rizzi testified that he had walked up the left side stairs before the accident, and never had any issues or received complaints about them. He testified that the demolition crew, Rite Way, removed carpet from the stairs at the start of the project, and that he saw that they stripped it, probably with a scraper bar. However, it was his understanding that the stairs were to remain in the same condition as the start of the project and no structural work was contemplated to be done on the stairs as part of the project. Rizzi testified that ADCO did no work on the stairs and had no responsibility for them.

**154949/2021  GOLEBIOWSKI, JOHN vs. STRUCTURE TONE ET AL**
**Motion No.  001 002**

**Page 3 of 14**

3 of 14

DeMaio testified that ADCO's work on the project included new lighting, electrical lighting systems, and conduit runs for AV and data piping. He would supervise ADCO workers on the job and give them their assignments. He would also do safety talks with ADCO workers once a week. He would communicate with Rizzi on the job, but there were no formal, regular meetings. While DeMaio did not notice what Rizzi was doing day to day, he understood that Structure Tone was responsible for protection on the job, and if any of his employees brought him a safety issue, he would bring it to Rizzi unless it was electrical.

ADCO did not receive any complaints or have any issues in regards to the left side stage steps before plaintiff's accident, and DeMaio did not know whether the step was broken prior to the accident. He did not remember if he ever used the stairs and did not remember working on them. He did not witness the accident but was told about it when he was in his office. After the accident, DeMaio told people not to use those stairs, and that there were other ways to get to places without using those stairs.

## SUMMARY JUDGMENT MOTIONS

### *Summary Judgment Standard*

To prevail on a motion for summary judgment, the movant must establish, *prima facie*, its entitlement to judgment as a matter of law, providing sufficient evidence demonstrating the absence of any triable issues of fact. CPLR § 3212(b); *Matter of New York City Asbestos Litig.*, 33 NY3d 20, 25-26 (2019). If this burden is met, the opponent must offer evidence in admissible form demonstrating the existence of factual issues requiring a trial; "conclusions, expressions of hope, or unsubstantiated allegations or assertions are insufficient." *Justinian Capital SPC v WestLB AG*, 28 NY3d 160, 168 (2016), quoting *Gilbert Frank Corp. v Fed. Ins. Co.*, 70 NY2d 966, 967 (1988). In deciding the motion, the evidence must be viewed in the "light most

**154949/2021   GOLEBIOWSKI, JOHN vs. STRUCTURE TONE ET AL**
**Motion No.  001 002**

**Page 4 of 14**

[* 4]                                                4 of 14

favorable to the opponent of the motion and [the court] must give that party the benefit of every favorable inference." *O'Brien v Port Auth. of New York and New Jersey*, 29 NY3d 27, 37 (2017).

### Timeliness of Cross Motions

Defendants argue that plaintiff and ABCO's respective cross motions are untimely, as they were filed nearly three months past the court's deadline to file dispositive motions, and neither party's papers state the date that the Note of Issue was filed or that the motion was timely, in violation of the Court's part rules.

In opposition, plaintiff and ABCO contend that their cross motions are timely as they seek relief that is nearly identical to the relief sought and rely on the same facts and arguments.

An otherwise untimely summary judgment motion may be considered by the court, even in the absence of good cause, "where a timely motion for summary judgment was made seeking relief 'nearly identical' to that sought by the cross motion." *Filannino v Triborough Bridge and Tunnel Auth.*, 34 AD3d 280, 281 (1st Dept 2006).

Here, defendants made a timely motion for summary judgment dismissing the entirety of plaintiff's complaint and granting it summary judgment on the third-party complaint. Thus, plaintiff and ADCO's cross motions, which respectively seek summary judgment on a subset of claims for which defendants also seek summary judgment, are timely. *See Connor v AMA Consulting Engineers PC*, 213 AD3d 483 (1st Dept 2023).

### Labor Law § 240(1)

As plaintiff concedes that he has abandoned his Labor Law § 240(1) claim, it is dismissed.

### Labor Law § 241(6)

**154949/2021   GOLEBIOWSKI, JOHN vs. STRUCTURE TONE ET AL**
**Motion No.  001 002**

**Page 5 of 14**

5 of 14

[* 5]

Defendants contend that plaintiff's Labor Law § 241(6) claim should be dismissed, arguing that the underlying industrial code provisions cited by plaintiff are either inapplicable or do not give rise to a Labor Law § 241(6) claim.

Plaintiff opposes and contends that it should be entitled to summary judgment in his favor on this claim, claiming that violations of 12 NYCRR §§ 23-1.7(d) and (e)(1) support his claim. He argues that stairs constitute a passageway as defined by 12 NYCRR § 23-1.7(e)(1), and that stairway gaps such as plaintiff fell through constitute a tripping hazard. Plaintiff argues that if the court finds that the condition constitutes a slipping hazard, then 12 NYCRR § 23-1.7(d) is applicable.

In reply, defendants contend that plaintiff testified that the steps were not slippery in any way, thus 12 NYCRR § 23-1.7(d) is inapplicable. They note that plaintiff is asserting a claim based on 12 NYCRR § 23-1.7(e)(1) for the first time in his motion papers, and thus the claim should not be considered. If the claim is considered, defendants argue that the section is inapplicable as plaintiff did not trip, and the stairs were not a passageway as defined by the statute as they were not the sole means of access to the work area. They also argue that the stairs were integral to the construction project and are thus not covered by the statute.

In reply to his cross motion, plaintiff contends that whether he slipped and/or tripped should be a question of fact for the jury. He argues that his failure to assert the § 23-1.7(e)(1) is not fatal, as it is not based on new factual allegations, and argues that using one of two sets of stairs were the sole means of accessing the work area, absent jumping off the stage. Plaintiff argues that there was nothing "integral" to the project about the stairs missing treads.

Labor Law §241 sets forth in relevant part that:

> All contractors and owners and their agents… when constructing or demolishing buildings or doing any excavating in connection therewith, shall comply with the

**154949/2021   GOLEBIOWSKI, JOHN vs. STRUCTURE TONE ET AL**                                   **Page 6 of 14**
**Motion No.  001 002**

6 of 14

[* 6]

following requirements... [subsection] (6) All areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places. The commissioner may make rules to carry into effect the provisions of this subdivision, and the owners and contractors and their agents for such work, except owners of one and two-family dwellings who contract for but do not direct or control the work, shall comply therewith.

Labor Law § 241(6) "imposes a nondelegable duty of reasonable care upon owners and contractors 'to provide reasonable and adequate protection and safety' to persons employed in, or lawfully frequenting all areas in which construction, excavation or demolition work is being performed." *Rizzuto v LA Wenger Contr. Co.*, 91 NY2d 343, 348 (1998); *see also, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494 (1993); *Allen v Cloutier Constr. Corp.*, 44 NY2d 290 (1978). The owners and contractors' duty under Labor Law § 241(6) is nondelegable, "regardless of their control or supervision of the jobsite." *Whalen v City of New York*, 270 AD2d 340, 342 (2d Dept 2000); *see also Allen*, 44 NY2d at 300.

To support a cause of action pursuant to Labor Law §241(6), plaintiff must demonstrate that a specific, applicable Industrial Code was violated, and the violation was the proximate cause of his or her injuries. *Cappabianca v Skanska USA Building Inc.*, 99 AD3d 139 (1st Dept 2012); *Ferrero v Best Modular Homes, Inc.*, 33 AD3d 847 (2d Dept 2006).

Plaintiff concedes that he has abandoned any § 241(6) claims except those based on violations of 12 NYCRR §§ 23-1.7(d) and (e)(1), thus his claims based on violations of 12 NYCRR §§ 23-1.5, 1.7(a), 1.7(b)(1), 1.8(c)(1), 1.11, 1.15, 1.16, 1.17, 2.5, 2.7, and 5.1 are dismissed.

Industrial Code § 23-1.7 sets forth, in relevant part, that:

d) Slipping hazards. Employers shall not suffer or permit any employee to use a floor, passageway, walkway, scaffold, platform or other elevated working surface which is in a

**154949/2021   GOLEBIOWSKI, JOHN vs. STRUCTURE TONE ET AL**
**Motion No.  001 002**

**Page 7 of 14**

7 of 14

slippery condition. Ice, snow, water, grease and any other foreign substance which may cause slippery footing shall be removed, sanded or covered to provide safe footing.

(e) Tripping and other hazards. (1) Passageways. All passageways shall be kept free from accumulations of dirt and debris and from any other obstructions or conditions which could cause tripping. Sharp projections which could cut or puncture any person shall be removed or covered.

Here, it is uncontroverted that plaintiff did not slip, but stepped through the stairs, and plaintiff himself testified that the stairs were not slippery. Thus, § 23-1.7(d), which covers slipping hazards, is inapplicable to plaintiff's claims.

While it is undisputed that plaintiff did not assert a § 23-1.7(e) violation in his bill of particulars, that is not fatal on a motion for summary judgment where, as here, the claim "entailed no new factual allegations, raised no new theories of liability, and caused no prejudice to defendants." *Leveron v Prana Growth Fund I, L.P.*, 181 AD3d 449, 450 (1st Dept. 2020).

An accident must occur in a "passageway" to fall under § 23-1.7(e). *See Quigley v Port Auth. Of N.Y. & N.J.*, 168 AD3d 65 (1st Dept 2018). A staircase has been found to be a "passageway" within the meaning of § 23-1.7 only where it was "the sole means of access to the work site, and it was not an open area accessible to the general public." *Harasim v Eljin Constr. Of N.Y., Inc.*, 106 AD3d 642 (1st Dept 2013); *see Ohadi v Magnetic Constr. Group Corp.*, 182 AD3d 474 (1st Dept 2020); *Wowk v Broadway 280 Park Fee, LLC*, 94 AD3d 669 (1st Dept 2012).

Here, it is clear from a photograph of the auditorium, which defendants annex as an exhibit to their motion, that there were multiple points of access to the auditorium, including a second set of stairs down from the stage and a side entrance. Thus, the stairs were not the "sole means of access to the work site" and thus not a passageway as defined by the statute.

**154949/2021   GOLEBIOWSKI, JOHN vs. STRUCTURE TONE ET AL**                **Page 8 of 14**
**Motion No.  001 002**

[* 8]

8 of 14

As plaintiff is unable to cite an applicable provision of the Industrial Code, he cannot properly assert a Labor Law § 241(6) claim. Thus, defendants' motion to dismiss the claim is granted, and plaintiff's cross motion for summary judgment on the claim is denied.

### *Labor Law § 200 and Common Law Negligence*

Defendants seek dismissal of plaintiff's Labor Law § 200 and common law negligence claims, contending that there is no evidence that they created or had actual or constructive notice of a dangerous or defective condition.

Plaintiff opposes arguing that defendants have failed to meet their burden due to an absence of evidence as to when Structure Tone last inspected the stairs. They argue that given Structure Tones safety obligations, this creates a material issue of fact as to constructive notice.

ADCO also opposes dismissal of these claims, additionally arguing that there is a material issue of fact as to whether Structure Tone created the condition that caused plaintiff's accident. The fact that there are disputes as to when and how the step was broken, and that only Structure Tone and its non-ADCO subcontractors performed any work on those steps, could be construed as evidence that they worked on those steps around the time of plaintiff's accident.

They argue that as the stair defect was clearly latent, they cannot be charged with constructive notice. They contend they lacked supervisory control of plaintiff, and that there is no evidence that they created the condition that caused plaintiff's accident.

The duty to provide a safe worksite imposed upon owners, general contractor and their agents are based upon supervision and control. "The purpose of the [Labor Law] is to protect workers by placing the 'ultimate responsibility' for worksite safety on the owner and general contractor instead of the workers themselves." *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500 (1993); *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 513 (1991). Labor Law §

**154949/2021  GOLEBIOWSKI, JOHN vs. STRUCTURE TONE ET AL**
**Motion No.  001 002**

**Page 9 of 14**

9 of 14

200 is the codification of the common-law duty of owners, general contractors and their agents to protect the health and safety "of all persons employed therein or lawfully frequenting such places." *Allen v Cloutier Constr. Corp.*, 44 NY2d 290, 299 (1978). An implicit precondition of this duty "is that the party charged with that responsibility has the authority to control the activity bringing about the injury." *Russin v Picciano & Son*, 54 NY2d 311, 317 (1981).

Labor Law § 200 applies where workers are injured as a result of dangerous or defective premises conditions at a worksite or where a worker is injured due to the way the work is performed. When a premises condition is at issue, the owner or general contractor may be held liable for a violation of the statute if they created the condition that caused the accident or had actual or constructive notice of the dangerous condition. *See Alonzo v Safe Harbors of the Hudson Housing Dev. Fund Co., Inc.*, 104 AD3d 446 (1st Dept 2013); *Singh v Black Diamonds LLC*, 24 AD3d 138 (1st Dept 2005). When the means and manner of the work are at issue, "a plaintiff must show that the owner or agent have the authority to control the activity bringing about the injury to enable it to avoid or correct any unsafe condition." *Lemanche v MIP One Wall St. Acquisition, LLC*, 190 AD3d 422 (1st Dept 2021); *see Rizzuto v L.A. Wegner Contr. Co.*, 91 NY2d 343 (1998).

Here, it is clear that plaintiff is alleging that his accident was caused by a defective premises condition, rather than any issue with the means and methods of the work that he was performing. Additionally, there is no contention or evidence that defendants had actual notice of the condition.

While ADCO argues that there is an issue of fact as to whether defendants created the condition, the fact that Structure Tone or its subcontractors were performing work in the general

**154949/2021   GOLEBIOWSKI, JOHN vs. STRUCTURE TONE ET AL**
**Motion No.  001 002**

**Page 10 of 14**

10 of 14

area is insufficient to create a triable issue of fact as to whether defendants created the condition. *See Pianoforte v New York City Housing Auth.*, 215 AD3d 603 (1st Dept 2023).

"To constitute constructive notice, a defect must be visible and apparent, and must exist for a sufficient length of time before the accident to permit defendant's employees to discover and remedy it… [c]onstructive notice will not be imputed where the defect is latent." *Barrera v New York City Tr. Auth.*, 61 AD3d 425 (1st Dept 2009). Here, plaintiff did testify that the hole in the stairs was made prior to his accident, and it is unclear from the evidence when the last time the hole was inspected prior to plaintiff's accident. This is sufficient to raise a triable issue of fact as to whether the defect was not latent and whether the hole in the stairs existed for a sufficient amount of time to charge defendants with constructive notice. *Ladignon v Lower Manhattan Dev. Corp.*, 128 AD3d 534 (1st Dept 2015); *see Ellis v JPMorgan Chase Bank*, 190 AD3d 413 (2021). Thus, defendants' motion to dismiss plaintiff's Labor Law § 200 and common law negligence claims is denied.

### *Third-Party Complaint*

Defendants seek summary judgment on their third-party claims for contractual defense and indemnification, arguing that the indemnity clause in the contract between Structure Tone and ADCO broadly covers all claims arising out of/in connection with the performance of ADCO's work on the project, regardless of ADCO's negligence, which they concede there is no evidence of.

ADCO opposes and seeks summary judgment dismissing the third-party complaint, arguing that, as there remains a question of fact as to whether defendants were negligent, the provision is unenforceable pursuant to General Obligations Law § 5-322.1 and, in the event the

**154949/2021   GOLEBIOWSKI, JOHN vs. STRUCTURE TONE ET AL**          **Page 11 of 14**
**Motion No.  001 002**

11 of 14

only remaining claim against defendants is for their own negligence, their claim for contractual indemnity should thus be dismissed.

In reply, defendant concede that ADCO is correct that under General Obligations Law § 5-322.1 it would not be entitled to defense or indemnity if it were found to be negligent, however they argue that they are not negligent.

Pursuant to the subcontract between Structure Tone and ADCO:

11.2 To the fullest extent by Law, [ADCO] will indemnify and hold harmless Structure Tone, LLC., the owner of the project, the owner of the property where the job/project is located, and all parties required to be indemnified by the prime contract entered into by Structure Tone, LLC. in connection with the job/project work, … from and against any and all claims, suits, liens, judgments, damages, losses and expenses including reasonable legal fees and costs arising in whole or in part and in any manner from the acts, omissions, breach or default of [ADCO and] … its … employees in connection with the performance of any work by [ADCO and] its employees … pursuant to this Subcontract/Purchase Order or a related Proceed Order. [ADCO] will defend and bear all costs of defending any action or proceedings brought against Structure Tone, LLC. and or Owner … arising in whole or in part out of any such acts, omission, breach or defaults

Courts have determined that the exact "arising in whole or in part… in connection with the performance of any work by or for [it]" language covers injuries sustained by a subcontractor's employee even in the absence of an employer's own negligence. *Cackett v Gladden Properties, LLC*, 183 AD3d 419 (1st Dept 2020) (analyzing a nearly identical Structure Tone subcontract). However, "[t]he extent of the indemnification will depend on the extent to which [Structure Tone's] negligence is found to have proximately caused the accident." *Id.*, quoting *Ramirez v Almah, LLC*, 169 AD3d 508, 509 (1st Dept 2019).

As the court has determined *supra* that there remain triable issues of fact as to defendants' liability pursuant to common law negligence and Labor Law § 200, and all other claims against them are dismissed, the only way the indemnity obligation would be triggered would be if the defendants are found to be negligent, which defendants concede would be

**154949/2021   GOLEBIOWSKI, JOHN vs. STRUCTURE TONE ET AL**
**Motion No.  001 002**

**Page 12 of 14**

12 of 14

unenforceable pursuant to General Obligations Law § 5-322.1. Thus, defendant's third-party claim for contractual indemnity is dismissed. However, as the defense obligation would be triggered even if defendants are found not liable to plaintiff, there remain triable issues of fact as to this claim.[1]

## PLAINTIFF'S MOTION TO AMEND THE BILL OF PARTICULARS

Pursuant to CPLR 3025(b), leave to amend pleadings shall be freely given where "the amendment is not patently lacking in merit" and the nonmoving party suffers no prejudice. *Davis v S. Nassau Communities Hosp.*, 26 NY3d 563, 580 (2015]) quoting *Pink v Ricci*, 100 AD3d 1446 (4th Dept 2012). The movant bears the burden of establishing that the proposed amendments are "not palpably insufficient or clearly devoid of merit." *MBIA Ins. Corp. v Greystone & Co.*, 74 AD3d 499, 500 (1st Dept 2010).

Here, plaintiff solely seeks to supplement the bill of particulars to add an alleged violation of 12 NYCRR § 23-1.7(e)(1). However, as the court has considered the alleged industrial code violation *supra* and dismissed it as inapplicable, the motion is denied as moot.

## CONCLUSION

Accordingly, it is hereby:

ORDERED, that defendants' FSP 787 and Structure Tone i/s/h/a Structure tone, LLC's motion for summary judgment (mot. seq. 1) is granted, to the extent that plaintiff's causes of action pursuant Labor Law §§ 240(1) and 241(6) are dismissed, and is otherwise denied; and it is further

---

[1] While ADCO's cross motion purportedly seeks to dismiss the third-party complaint in its entirety, it fails to substantively address defendants' fourth cause of action for failure to procure insurance. Thus, the court will not directly address the merits of this claim.

**154949/2021   GOLEBIOWSKI, JOHN vs. STRUCTURE TONE ET AL**
**Motion No.  001 002**

**Page 13 of 14**

13 of 14

ORDERED, that plaintiff's cross motion for partial summary judgment on the issue of liability on his Labor Law § 241(6) claim is denied; and it is further

ORDERED that Third-party defendant ADCO Electrical Corp.'s cross motion for summary judgment is granted, to the extent that defendants' third-party claim for contractual indemnity is dismissed and is otherwise denied; and it is further

ORDERED that plaintiff's motion to amend the bill of particulars (mot. seq. 2) is denied as moot; and it is further

ORDERED that, within 20 days from entry of this order, defendants shall serve a copy of this order with notice of entry on the Clerk of the General Clerk's Office (60 Centre Street, Room 119); and it is further

ORDERED that such service upon the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website)].

ORDERED that such service upon the Clerk shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh);]; and it is further

ORDERED that counsel appear for a virtual pre-trial conference on November 20th at 3pm, at which a final date for trial before this Court will be set.

This constitutes the decision and order of this Court.

20241008164128SBKRAUS31DC646C346A4CEEAEF627BC5B4709C4

| 10/8/2024 | | SABRINA KRAUS, J.S.C. |
|-----------|--|------------------------|
| DATE | | |

CHECK ONE:

| | CASE DISPOSED | X | NON-FINAL DISPOSITION |
|--|----------------|---|------------------------|
| | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |

154949/2021   GOLEBIOWSKI, JOHN vs. STRUCTURE TONE ET AL          Page 14 of 14
Motion No.  001 002

14 of 14